UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 EMPLOYEE BENEFIT FUNDS AND THE TRUSTEES THEREOF<br>       Petitioner,<br><br>v.<br><br>CROSSROAD CONSTRUCTION CORP.,<br><br>       Respondent. | Civ. No. 2:15-0690 (KM)(MAH)<br><br>OPINION |

This case comes before the Court on a petition to confirm an arbitration award. Petitioner, International Union of Operating Engineers Local 825 Employee Benefit Funds and the Trustees Thereof (the "Fund") initiated an arbitration proceeding against Respondent Crossroad Construction Corp. The arbitrator found that Crossroad had entered into a collective bargaining agreement wherein it employed members of the Local 825 union. (Award,[1] 1) The CBA required Crossroad to make contributions to an employee benefit fund. The Fund alleged that Crossroad had failed to make the required contributions during the period March 1, 2014 through August 31, 2014. (Award, 1) Crossroad did not appear before the arbitrator to contest the award. The arbitrator therefore entered a default judgment in favor of the Fund. (Award, 1) He ordered Crossroad to pay the following:

- $25,932.84 in unpaid benefit contributions
- $313.32 in interest
- $5,186.56 in liquidated damages

---

[1] Citations to the record will be abbreviated as follows:

"Award" – Default Award of Arbitrator, Dkt. No. 1-5, Exh. C.
"Collection Policy" – Operating Engineers Local 825 Employee Benefit Fund
       Contribution Collection Policy & Procedures," Dkt. No. 1-4, Exh. B.
"Petition" – Petition to Confirm Arbitration Award (Dkt. No. 1).

- $2,630.78 in attorneys' fees
- $800.00 in arbitration fees

(Award, 2)

The Fund has asked the Court to confirm the arbitrator's award pursuant to 9 U.S.C. § 9. Crossroad has not entered an appearance or otherwise opposed the petition before this Court.

I defer to the arbitrator's finding that written proof presented to the arbitrator established a delinquency amount of $25,932.84. (Petition, ¶ 10; Award, 2)

I find that the arbitrator's award of interest at the rate of 2% above prime is consistent with section 8, ¶ 1 of the Collection Policy. I likewise find that the arbitrator's award of liquidated damages representing 20% of the delinquent contributions is consistent with section 8, ¶ 2 of the Collection Policy. The attorney's fee also appear to be properly calculated. Section 8, ¶ 3 of the Collection Policy provides that the Fund may recover an attorney's fee representing 15% of the first $750.00 in delinquent contributions, and 10% of the amount over $750.00. The attorney's fee of $2,630.78 appears consistent with that formula ($750 x 15% + 10% x 25,182.84 = $2,630.78). The arbitrator's order that Crossroad pay the $800 arbitration fee is consistent with section 8, ¶ 3 of the Collection Policy.

## CONCLUSION

I will therefore order that the petition is granted, the arbitration award is confirmed, and judgment will be entered in the amount of $34,863.50. A separate order and judgment will issue.

Dated: July 27, 2015

Kevin McNulty
United States District Judge